IN THE MATTER OF
MONROE ACKERMAN, AN ATTORNEY-AT-LAW.

Argued June 5, 1973—Decided June 26, 1973.

*Mr. Frederick C. Vonhof,* for the order.

*Mr. John W. Noonan* argued the cause for respondent. (*Messrs. Noonan and Flynn,* attorneys).

PER CURIAM. This presentment arises out of a matrimonial matter. Respondent filed a complaint for the husband (also a member of the bar) seeking a divorce and custody of a child. The wife counterclaimed. Respondent failed to answer the counterclaim and failed to furnish answers to interrogatories, which failures led to a dismissal of the complaint and to the entry of a default on the counterclaim. The husband retained other counsel, and the trial court having refused to vacate the dismissal and the default, the husband appealed to the Appellate Division. Respondent executed an affidavit for use on the appeal. The Appellate Division referred that affidavit to the Ethics Committee; its content forms the basis of the presentment.

The charge is that respondent did not disclose to his client that the complaint had been dismissed or that a default had been entered as to the counterclaim, and further that, after the dismissal and the default, respondent affirmatively assured his client that the litigation was "proceeding normally."

It appears that the client was not anxious to bring the matter to trial and that he authorized respondent to grant any extension the wife's attorney might request, but of course the client did not authorize an omission to prosecute the complaint or to defend against the counterclaim. Respondent cannot account for his default, and explains the assurances to his client that the matter was "proceeding normally" by saying he anticipated no difficulty in restoring the matter and did not want meanwhile to add to his client's emotional distress. The explanation is inadequate. Respondent was obligated to advise his client forthwith, and he could not mislead the client on his evaluation that his client was better off misled than informed. And, we add, the ethical breach

is no less so because the client is not the complaining party before the Committee. However, it does appear that respondent's conduct in this matter was distinctly out of character. In the circumstances, it is our judgment that respondent should be and he is hereby reprimanded.

*For reprimandment*—Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, MOUNTAIN, SULLIVAN and GARVEN—7.

*Opposed*—None.